IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N A MAHALAKSHMI SRINIVASAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2292-B-BW | |
| § | | |
| NCH CORPORATION, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff N A Mahalakshmi, appearing pro se, filed this action on September 9, 2024, alleging that Defendant NCH Corporation has infringed and unfairly profited from intellectual property belonging to her or her family. (*See* Dkt. No. 1.) Plaintiff paid the filing fee on December 11, 2024. (Dkt. No. 11.) She has not yet served the Defendant with a summons and a complaint, and Defendant has not appeared in this action.

On December 20, 2024, the Court received a letter from Plaintiff alleging that she and her family have been harmed by Defendant's conduct and requesting "protection to all my siblings, their families and me in India, Singapore, USA, Dubai at the earliest possible." (Dkt. No. 13.) Plaintiff asserts that Defendant has not responded to any "notices" and contends that "prospects of harm to life increase" while this case is pending. (*Id.*)

---

[1] United States District Judge Jane J. Boyle referred this action to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 18.)

Plaintiff does not specify the terms of the "protection" she seeks by way of the December 20 letter. Construing her letter as a motion for temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65, the undersigned recommends that it be **DENIED**. Rule 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

(A) specific facts in an affidavit or verified complaint clearly show that immediate injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1). In this case, Plaintiff has failed to allege specific facts showing that immediate and irreparable injury will result without the TRO, nor does she detail the efforts made to give notice to Defendant. Additionally, on the merits, to obtain a TRO Plaintiff must show (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury in the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *See Women's Med. Ctr. of Northeast Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). With respect to this showing, too, Plaintiff's one-page letter does not satisfy her burden to show that she is entitled to emergency relief.

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Protective Order (Dkt. No. 13) be **DENIED**.

**SO RECOMMENDED** on January 10, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).