IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N A MAHALAKSHMI SRINIVASAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2292-B-BW | |
| § | | |
| NCH CORPORATION, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant NCH Corporation's Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. No. 58.) NCH filed its motion, brief in support (Dkt. No. 59), and appendix (Dkt. No. 60) on May 20, 2025. Plaintiff N A Mahalakshmi Srinivasan, appearing pro se in this action, first moved to strike the motion to dismiss, which the Court denied. (*See* Dkt. No. 61, 62.) Then, after receiving an extension of her deadline, Srinivasan filed her response to the motion on August 27, 2025. (*See* Dkt. Nos. 63, 65, 66 ("Resp.").) NCH has not filed a reply in support of its motion within the time allowed. *See* N.D. Tex. L. Civ. R. 7.1(f). The undersigned recommends that the Court grant NCH's motion to dismiss.

---

[1] United States District Judge Jane J. Boyle referred this action to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 18.)

# I. BACKGROUND

## A. Procedural Background

Srinivasan first filed claims against NCH and the United States Patent and Trademark Office on February 23, 2023 in Case No. 3:23-CV-416-B-BK ("2023 Case") raising complaints pertaining to patent or copyright infringement. (*See* 2023 Case, Dkt. No. 2.) Because she sought and was granted authorization to proceed in forma pauperis (*see* 2023 Case, Dkt. Nos. 3, 6, 10), her complaint was subject to judicial screening under 28 U.S.C. § 1915(e). Srinivasan filed four amended complaints and responded to a magistrate judge's questionnaire. (*See* 2023 Case, Dkt. Nos. 5, 8, 9, 14, 18.) On screening, United States Magistrate Renée Harris Toliver recommended that Srinivasan's claims be dismissed with prejudice based on failure to state a claim. *Srinivasan v. NCH Corp.*, No. 3:23-CV-416-B-BK, 2023 WL 5167025 (N.D. Tex. July 28, 2023). Judge Toliver's recommendation was based on a conclusion that the complaint did not meet the requirements of Fed. R. Civ. P. 8(a), as it was "repetitive, rambling, and scattershot in approach" and contained "conclusory statements [that did] not even rise to the level of 'threadbare recitals' of the elements of a cause of action," among other things. *Id.* at *2. Srinivasan filed objections. (2023 Case, Dkt. No. 22.) On August 21, 2023, United States District Judge Jane J. Boyle overruled Srinivasan's objections, accepted Judge Toliver's findings, conclusions, and recommendation with some modification, granted to

leave accept Srinivasan's fifth amended complaint, and dismissed Srinivasan's claims without prejudice. (2023 Case, Dkt. Nos. 23, 24.)

Srinivasan initiated the instant lawsuit against NCH about a year later, on September 9, 2024. (Dkt. No. 1.) On a referral for judicial screening, the undersigned magistrate judge ordered Srinivasan to either pay the filing fee or file a motion to proceed in forma pauperis. (Dkt. No. 6.) Srinivasan did both. (*See* Dkt. Nos. 11, 12.) Because Srinivasan paid the filing fee, her motion to proceed in forma pauperis was terminated as moot, and Srinivasan was ordered to serve NCH with a summons and copy of the complaint. (Dkt. No. 17.)

NCH appeared in this case on April 28, 2025 and filed a motion to dismiss. (Dkt. No. 47.) Srinivasan subsequently filed an amended complaint on May 1, 2025, pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Dkt. No. 55.) On May 20, NCH filed the instant motion to dismiss the amended complaint. (Dkt. No. 58.)

**B.     Factual Background**

Srinivasan's amended complaint (Dkt. No. 55 ("Am. Compl.")) is dense and not easily understood. Srinivasan alleges that NCH owns a patent (US 9,908,799 B2) for technology that is derived from Indian Patent 335059 and additional copyrighted works owned by Srinivasan. (*See id.* at 6.) She further alleges that NCH is receiving profits from the technology that should be hers. (*Id.*) Srinivasan's allegations suggest that she worked with NCH on the product but never sold the technology to NCH. (*See id.* at 6-7.) She asserts that she has the ownership rights to

the technology NCH has used and claims a right to "all the revenues starting from 2011" until now. (*See id.* at 9.) Beyond these allegations, a cogent and detailed narrative of events and legal contentions is elusive.

## II.  LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A recitation of the elements of a cause of action, supported merely by conclusory statements, do not suffice. *See id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (cleaned up)).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

In deciding a Rule 12(b)(6) motion, courts limit review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "If matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal citation marks omitted). But documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), and citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 574 n.11 (S.D. Tex.

2015) ("The Court may consider, in a Rule 12(b)(6) analysis, documents attached to a motion to dismiss—or, as here, to a response in opposition to a motion to dismiss—if the documents are 'sufficiently referenced in the complaint.'") (citing *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008)).

     A plaintiff may not amend her allegations through a response to a motion to dismiss, Fed. R. Civ. P. 8(a), but leave to amend must be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend only when "there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

     Pro se complaints receive a "liberal construction." *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (citations omitted). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). But "mere conclusory allegations on a critical issue are insufficient." *Id.* "Liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

## III. ANALYSIS

Srinivasan's amended complaint is longwinded, contains several allegations that do not appear to advance any claim, and is often difficult to understand. NCH moves for dismissal on grounds that the amended complaint does not comply with Fed. R. Civ. 8(a), that any claim for theft or conversion is barred by limitations, and that any causes of action that might be discerned from the amended complaint— specifically, patent infringement, copyright infringement, cybercrime, and antitrust violations—are not plausibly pled in the amended complaint. Srinivasan's response to the motion is similarly difficult to understand, but she makes clear that her amended complaint is focused on asserting antitrust claims against NCH. (*See, e.g.*, Resp. at 6 ("The case focuses on antitrust laws and not infringement laws.").)

**A.     Srinivasan's amended complaint does not comport with Fed. R. Civ. P. 8.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." "Although a complaint need not contain detailed factual allegations, the 'showing' contemplated by Rule 8 requires the plaintiff to do more than just allege legal conclusions or recite the elements of a cause of action." *Srinivasan*, 2023 WL 5167025, at *2. Rule 8's requirements for plainness, simplicity, conciseness, and directness serve two purposes: eliminating "prolixity in pleading" for the sake of "brevity, simplicity, and clarity," and "compel[ing] litigants to file

straightforward pleadings 'so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" *Id.* (quoting *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979), and *Hall v. Civ. Air Patrol, Inc.*, 193 F. App'x 298, 299-300 (5th Cir. 2006)).

Like Srinivasan's amended pleadings in the 2023 Case, her Amended Complaint in this case does not meet Rule 8's standards for simplicity, conciseness, and directness. *See Srinivasan*, 2023 WL 5167025, at *2. Rather, its 50 pages largely contain disjointed thoughts, unexplained technical statements, and publicly available information about NCH's revenues. Very little can be discerned from the amended complaint beyond the general nature of Plaintiff's assertion that NCH is profiting from a technology or method that she or her father had a part in developing. Srinivasan makes numerous statements in her amended petition, but the pleading does not contain a plain and simple statement of facts alleging a cause of action. It is instead as though Srinivasan has advanced a plethora of allegations and expects the Court to identify the cause(s) of action into which her allegations might fit. This is not the Court's duty. *See Hall*, 193 F. App'x at 299-300.

Accepting Srinivasan's statement that she intends to make a claim against NCH for anticompetitive conduct under the antitrust laws (*see* Resp. at 6), she wholly fails to do so even under the liberal construction afforded pro se pleadings. She cites 15 U.S.C. § 22, which establishes venue for an antitrust claim, but she does not specify what kind of antitrust claim she asserts or allege facts that plausibly suggest

such conduct by NCH. In her response to the motion to dismiss, Srinivasan appears to argue that a patent her received in India supersedes or nullifies NCH's U.S. patent. (*See* Resp. at 3, 7.) But this Court is not a proper venue for the enforcement of an Indian patent. *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-66-JRG, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020) (relying on *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007)). Finally, to the extent Srinivasan's allegations could be perceived as alleging causes of action for theft or conversion against NCH (*see* Am. Compl. at 18 (referring to "theft" of bacterial plates from 20211 to 2019)), such claims would be barred by the two-year limitations period under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).

Srinivasan asserts that NCH has been inappropriately profiting from technology that she owns by way of an Indian patent obtained in 2011. The amended complaint, however, is devoid of specific factual allegations that create a plausible inference that NCH is liable to Srinivasan based on a recognized cause of action that is enforceable in this Court. NCH's motion to dismiss, therefore, should be granted.

**B.    The Court should not grant Srinivasan leave to file what would be an eighth amended complaint.**

A pro se litigant frequently should be afforded an opportunity to replead her claims before dismissal. *See Srinivasan*, 2023 WL 5167025, at *3. The Court, however, "need not grant leave to amend 'if the plaintiff has already pleaded [her] best case.'" *Id.* (quoting *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).

Srinivasan has been given several opportunities to plead her best case. In the 2023 Case, she was allowed to amend the complaint five times. (*See* 2023 Case, Dkt. Nos. 23, 25.) After six attempts, though, the Court concluded that Srinivasan still presented "nothing more than 'naked assertion[s]' devoid of 'further factual development." (2023 Case, Dkt. No. 23 at 4 (quoting *Twombly*, 550 U.S. at 557).) In this action, Srinivasan has attempted twice more to state plausible claims, stating that she has "corrected the original complaint . . . for the deficiencies to the best of my abilities in the stipulated time." (Dkt. No. 55-1.) Even so, she still fails to present allegations that state any cause of action. Srinivasan has pled her best case, and further amendment would be futile.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Amended Complaint (Dkt. No. 58) be **GRANTED** and that Srinivasan's claims be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**SO RECOMMENDED** on November 21, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).