IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N A MAHALAKSHMI SRINIVASAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2292-B-BW |
| | § | |
| NCH CORPORATION, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff N A Mahalakshmi Srinivasan, appearing pro se in this action, has filed several post-judgment motions, which the Court construes as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). (*See* Docs. 81, 82, 84, 86, and 88) (collectively "post-judgment Motions").)[1] Plaintiff has also filed a Motion for Continuance. (*See* Doc. 90.) Having considered the Motions, record, and applicable law, the Court determines and hereby **DENIES** all of Plaintiff 's currently outstanding Motions. (Docs. 81, 84, 86, 88, and 90).

### I. BACKGROUND

The facts of this alleged patent infringement case have been summarized elsewhere in the record (*see* Doc. 67), so the Court will recount only the facts and procedural history that are pertinent. United States Magistrate Judge Brian McKay entered Findings, Conclusions, and Recommendation ("FCR") on November 21, 2025 (Doc. 67), and Plaintiff filed objections (Doc. No. 71). The Court reviewed de novo those portions of the FCR to which objection was made and reviewed the remaining portions for plain error. Finding no error, the Court accepted the FCR on

---

[1] The Motions contain nearly identical language and seek essentially the same relief. (*See* Docs. 81, 82, 84, 86, and 88.)

January 26, 2026 (Doc. 77), and judgment was entered the same day in favor of Defendant NCH Corporation, dismissing Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 78).

Plaintiff filed her post-judgment Motions under either Rule 59(e) or Rule 60(b) requesting to "reopen the case" due to "excusable neglect including recent supplemental filings which did not prejudice the defendant." (Doc. 84 at ECF p. 1.) Plaintiff also appears to suggest that she has additional information to "fortify the original complaint claims." (*Id.* at ECF p. 2.)

## II. LEGAL STANDARD

Plaintiff's post-judgment motions were filed within 28 days of the entry of judgment and therefore, are appropriately treated as arising under Rule 59(e). *See Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit.").) Although Plaintiff's Motions also refer to Rule 60(b) (*see, e.g.*, Doc. 84), that rule involves a more "onerous" standard than Rule 59(e). *Davila v. Walmart Stores, Inc.*, No. 3:15-CV-2874-D, 2017 WL 1509303, at *1 (N.D. Tex. Apr. 27, 2017). Thus, because Plaintiff is not entitled to relief under Rule 59(e) as discussed below, she also is not entitled to relief under Rule 60(b).

Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009). "Such motions are not the proper

vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Cont. Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, No. 3:04-CV-450-D, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008).

While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Insurance Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

### III. DISCUSSION

Plaintiff's post-judgment Motions fail to meet the first two narrow purposes for altering, amending, or otherwise reconsidering the Court's order in accordance with Rule 59(e). First, Plaintiff does not argue any intervening change in controlling law. Indeed, Plaintiff's Motions lack citation to any case law or other legal authority. (*See* Doc. 81, 82, 84, 86, and 88.)

Second, although Plaintiff appears to suggest that she has additional information to "fortify the original complaint claims" (Doc. 84 at ECF p. 2), she fails to identify any such information. She also avers that her objections to the FCR filed on December 4, 2025 (Doc. 71 ("Objections")) support the merits of her claim, but that document merely rehashes the allegations in her amended complaint (*compare* Doc. 58 *with* Doc 71), which the Court has already dismissed for failure to state

a claim. (*See* Doc. 67 and 72.) Furthermore, although Plaintiff attaches exhibits to her Objections (*see* Doc. 71 at ECF p. 25-42), she does not explain why any of this material qualifies as "new evidence," or why she did not include such materials in any of the prior versions of her complaint.[2] Plaintiff also fails to offer a reasonable explanation regarding why she was unable to present this purported newly discovered evidence before the Court's final judgment.

Third, Plaintiff's Motion fails to show why or how the Court committed a manifest error of law or fact. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotation omitted). "'Manifest error' is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation omitted).

As the magistrate judge explained, Plaintiff's amended complaint (Doc. 58) "does not comport with Fed. R. Civ. P. 8" because "the pleading does not contain a plain and simple statement of facts alleging a cause of action." (Doc. 67 at 7.) "Rather, [the amended complaint's] 50 pages largely contain disjointed thoughts, unexplained technical statements, and publicly available information about NCH's revenues." (*Id.* at 7-8.) "Very little can be discerned from the amended complaint beyond the general nature of Plaintiff's assertion that NCH is profiting from a technology or method that she or her father had a part in developing." (*Id.* at 8.) The same can be said for the Objections that Plaintiff now purports provide additional information to support her claims—it merely advances a plethora of allegations from which little can be discerned beyond the general

---

[2] As the magistrate judge noted, Plaintiff has been afforded multiple opportunities to replead her claims. (*See* Doc. 67 at 9-10.)

nature of Plaintiff's bare assertions that Defendant NCH owns a U.S. patent that is derived from an Indian patent for which Plaintiff has the ownership rights, and as a result, NCH is receiving profits that should be hers. (*See generally* Doc. 71.) Accordingly, the Court denies Plaintiff's pending post-judgment Motions.

Finally, Plaintiff's Motion for Continuance seeks six months "before this case proceeds further." (Doc. 90 at 1.) This case is currently closed. There are no live proceedings to warrant a stay. Accordingly, the Court denies Plaintiff's Motion for Continuance.

## IV.  CONCLUSION

For the reasons stated, Plaintiff's post-judgment Motions (Doc. 81, 84, 86 and 88), which the Court construes as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), are **DENIED**. Plaintiff's Motion for Continuance is also **DENIED**.

**SO ORDERED.**

**DATE: March 2, 2026**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE