IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N A MAHALAKSHMI SRINIVASAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2292-B-BW |
| | § | |
| NCH CORPORATION, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff N A Mahalakshmi Srinivasan, proceeding pro se, has filed two motions for leave to proceed in forma pauperis on appeal. (*See* Dkt. Nos. 104, 106.) (collectively, the "IFP Motions").)[1] United States District Judge Jane J. Boyle referred this action to the undersigned for pretrial management pursuant to 28 U.S.C. § 636(b). (*See* Dkt. No. 18.)

Having considered the IFP Motions and the record in this case, the undersigned recommends that the District Judge **DENY** Plaintiff's IFP Motions. (Dkt. Nos. 104, 106.)

## I. BACKGROUND

The facts of this case involving the alleged misappropriation of intellectual property have been summarized elsewhere in the record (*see* Doc. 67), so the Court will recount only the facts and procedural history that are pertinent. The

---

[1] The IFP Motions contain nearly identical language and seek essentially the same relief. (*Compare* Dkt. No. 104 *with* Dkt. No. 106.)

undersigned entered Findings, Conclusions, and Recommendation ("FCR") on November 21, 2025 (Dkt. No. 67), to which Plaintiff filed objections (Dkt. No. 71). The Court reviewed de novo those portions of the FCR to which objection was made and reviewed the remaining portions for plain error.  Finding no error, the Court accepted the FCR on January 26, 2026 (Dkt. No. 77), and judgment was entered the same day in favor of Defendant NCH Corporation, dismissing Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. No. 78).

Thereafter, on January 29, 2026, Plaintiff filed several post-judgment motions under either Rule 59(e) or Rule 60(b) requesting to "reopen the case" (*see* Dkt. Nos. 81, 82, 84, and 86 (collectively, the "Motions to Alter Judgment")), all of which the Court denied.   (*See* Dkt. No. 93.)  As the Court explained, Plaintiff failed to argue any intervening change in controlling law, failed to identify any new evidence, failed to show why or how the Court committed a manifest error of law or fact, and, further, Plaintiff's Motions to Alter Judgment (Dkt. Nos. 81, 82, 84, and 86) lacked citation to any case law or other legal authority. (*See* Dkt. No. 93.)

Thereafter, Plaintiff filed a Notice of Appeal to the Fifth Circuit Court of Appeals (Dkt. No. 94 (the "NOA")), along with several related notices, which appear to be largely duplicative of the NOA (*see* Dkt. Nos. 95, 96, 97, 98, 99, 100, 101).  Plaintiff's appeal was assigned USCA Case Number 26-10187.  On May 27, 2026, Plaintiff filed her first motion for leave to proceed in forma pauperis on appeal.

-2-

(Dkt. No. 104.)  The motion was deemed deficient, and Plaintiff was directed to fully complete and sign the proper form, Appellate Form 4 ("Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis"), including answering the financial questions and providing a detailed explanation of her issues on appeal, and return it to this Court no later than June 14, 2026.  (*See* Dkt. No. 105.)  Plaintiff submitted the completed form on May 30, 2026 (Dkt. No. 106) and attached a cover letter explaining her issues on appeal (Dkt. No. 106-1), along with 80 pages of exhibits (Dkt. No. 106-2) she purports provide additional support for her IFP Motions.

## II.  DISCUSSION

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal IFP.  *See, e.g.*, *Taylor v. Dretke*, No. 4:02-CV-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003).  Section 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith."  *Id.*  And Rule 24(a) in pertinent part provides:

> **(1) Motion in the District Court.**  Except as stated in Rule 24(a)(3) [concerning, unlike here, a party previously permitted to proceed in forma pauperis], a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

> > (B) claims and entitlement to redress; and
>
> > (C) states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a).

An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Therefore, in addition to demonstrating that his financial condition qualifies her to proceed under the IFP statute, "[a] movant who seeks authorization to proceed IFP on appeal [also] must demonstrate that . . . [her] appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)).  "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see Coppedge*, 369 U.S. at 445; *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration.  He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006).

As noted above, Plaintiff submitted, along with the completed IFP financial affidavit (Dkt. No. 106), a cover letter explaining her issues on appeal (Dkt. No. 106-1) and 80 pages of exhibits (Dkt. No. 106-2) that Plaintiff purports provide support for her IFP Motions.  But like Plaintiff's previous filings, very little can be discerned from either the cover letter or the exhibits other than Plaintiff's bare assertions that Defendant NCH Corporation owns a U.S. patent that is derived from an Indian patent for which Plaintiff has the ownership rights, and as a result, NCH is receiving profits that should be hers.  (*See* Dkt. Nos. 106-1, 106-2.)  Plaintiff merely rehashes the allegations in her amended complaint (Dkt. No. 58) and persists in advancing arguments which the Court has repeatedly found unsupported and not credible, including in Plaintiff's objections to the FCR (Dkt. No. 67) and in her plethora of post-judgment motions (Dkt. Nos. 81, 82, 84, and 86) that were ultimately denied (Dkt. No. 93).

Plaintiff therefore "has failed to adequately present any argument for [appellate] consideration" and "has thus failed to establish that she will raise a nonfrivolous issue for appeal." *McGarrah*, 783 F.3d at 584; *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

## IV.  RECOMMENDATION

For the foregoing reasons, the Court should deny Plaintiff's motions for leave to appeal in forma pauperis (Dkt. Nos. 104, 106) and certify, pursuant to § 1915(a)(3)

and Federal Rule of Civil Procedure 24(a), that Plaintiff's appeal is not taken in good faith.

        **SO RECOMMENDED** on June 3, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

        A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).